1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  SUSAN E. SLAGER, State Bar No. 162942
   Supervising Deputy Attorney General
3  GLORIA GODINEZ, State Bar No. 226867
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 323-9119
6   Fax: (916) 324-5567
    E-mail: Gloria.Godinez@doj.ca.gov
7  *Attorneys for Defendant California
   Department of Motor Vehicles*

FILED
JAN 23 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN BURCH,** | 2:13-CV-01283-LKK-DAD |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |
| v. | |
| **CALIFORNIA DEPARTMENT OF MOTOR VEHICLES and DOES 1 - 10, inclusive,** | |
| Defendant. | |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties hereby designate documents as "confidential" under the terms of this Stipulation for Protective Order (hereinafter "Order"). The documents protected pursuant to this Order have not been made public and the disclosure of said documents would have the effect of causing harm.

2. The documents eligible for protection under this order include:

   A. Personnel information regarding any third party, including but not limited to,

1

1 non-party current or former employees of the Defendant. Production of such documents would
2 violate a third party's right to privacy.

3     B. A third party's personnel file or documents relating to the employment of third
4 parties. Production of such documents would violate a third party's right to privacy.

5    3. By designating documents as "confidential" under the terms of this Order, the party
6 making the designation is certifying to the Court that there is a good faith basis both in law and in
7 fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

8    4. Documents produced by a party shall be designated by the party as "confidential" by
9 bates stamping copies of the document with the word "CONFIDENTIAL", or, if the documents
10 are produced in electronic format (i.e., CD, DVD, or flash-drive), by affixing the word
11 "CONFIDENTIAL" to the exterior of the electronic media.

12    5. Documents designated as "confidential" under this Order (hereinafter, "Confidential
13 Material"), the information contained therein, and any summaries, copies, abstracts, or other
14 documents derived in whole or in part from material designated as confidential shall be used only
15 for the purpose of this action, and for no other purpose.

16    6. Confidential Material produced pursuant to this Order may be disclosed or made
17 available only to (1) the parties; (2) counsel for a party (including the paralegal, clerical, and
18 secretarial staff employed by such counsel and independent office services vendors hired by such
19 counsel); (3) any expert retained for consultation and/or trial; (4) the court and its personnel; (5)
20 court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional
21 Vendors to whom disclosure is reasonably necessary for this litigation; (6) during their
22 depositions, witnesses in the action to whom disclosure is reasonably necessary; and (7) the
23 author or recipient of a document containing the information. In the event that Confidential
24 Material is given to a person identified in section (3), (5), or (6), said person must sign a copy of
25 this Order with the Confidential Material and return the documents at the termination of the
26 litigation at the request of other parties' counsel.

27    7. The Confidential Material produced pursuant to this Order will be redacted with
28 respect to (i) social security numbers; (ii) dates of birth; (iii) financial account numbers; and (iv)

2

in all circumstances when federal law requires redaction. This provision complies with Eastern District Local Rule 140.

8. If a party would like to use Confidential Material in Court filings, at least seven (7) days notice shall be given to all parties. All parties shall comply with the requirements of Eastern District Local Rule 141, in the event that a party would like Confidential Material to be sealed. In lieu of seeking a motion to seal, the parties may agree to redact identifying information relating to any third party.

9. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding in this action, it shall not lose its confidential status through such use.

10. This Order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

11. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

12. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel

of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

13. This Order shall survive the final termination of this action, to the extent that the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within 180 (one hundred eighty) days of final termination of this action, which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

**IT IS SO STIPULATED.**

Dated: December ___, 2014          PLAINTIFF
JANUARY, 9, 2015

By: _____
Brian Burch, Pro Se

Dated: ~~December~~ ___, 2014      ATTORNEY GENERAL OF CALIFORNIA
January 20, 2015

By: _____
Gloria Godinez
Attorneys for Defendant, California
Department of Motor Vehicles

///
///

1  The undersigned has considered the stipulated protective order filed and signed by all
2  parties on ~~December ___, 2014.~~ January 22, 2015 DAD

3  **IT IS SO ORDERED.**

4  Dated: ~~December ___, 2014~~
5  January 23, 2015 DAD

U.S. ~~DISTRICT COURT~~ MAGISTRATE JUDGE  DAD

24  SA2013111934
    11255400.doc

5